Laura J. Pfeiffer, CSBN 261520
**Pfeiffer Law, LLP**
1600 South Main Street, Suite 375
Walnut Creek, CA 94596
Email: service@wclaw.com
Telephone: (925) 974-1000

Attorney for Defendant Joe Nomura

PFEIFFER LAW, LLP
ATTORNEYS AT LAW
1600 SOUTH MAIN STREET, SUITE 375
WALNUT CREEK, CA 94596

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Akiko Ida; and Y.I., a minor suing through his mother and legal representative, Akiko Ida;<br><br>            Plaintiffs,<br><br>v.<br><br>Joe Nomura;<br><br>            Defendant. | Case No.: 4:25-cv-03474-KAW<br><br>**DEFENDANT'S AMENDED ANSWER TO COMPLAINT** |

      **COMES NOW,** Defendant JOE NOMURA answers the Complaint by the Plaintiff as follows:

### I.    <u>RESPONSE TO THE CLAIMS IN THE COMPLAINT</u>

1.    Defendant **denies** each and every allegation in the Complaint except those specifically admitted in this Answer.

2.    Defendant **admits** all of the allegations in the following paragraphs of the Complaint: 5, 7, 9, 11, 12, 14, 17, 19, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 37, 38, 39, 40, 41, 42.

3.    Defendant does not know or have enough information to form a belief as to whether the allegations in the following paragraphs are true: 10, 34.

4.    Defendant **admits only parts** of each paragraph below and denies or does not know enough to say whether the rest of the paragraph is true.

      a.    **Paragraph 2**. Defendant only admits that the Plaintiffs are third-party beneficiaries

PFEIFFER LAW, LLP
ATTORNEYS AT LAW
1600 SOUTH MAIN STREET, SUITE 375
WALNUT CREEK, CA 94596

of two written contracts (by way of two Forms I-864). Defendant denies that he only provides Plaintiffs $900 a month and denies the claim that they cannot survive financially with the support he provides. From October 2024 to April 2025, Defendant stated he provided Plaintiffs over $900 in monthly cash allowance. Plaintiff Akiko has also sent texts to Defendant confirming amounts over $900 in monthly cash allowance. Starting May 2025, Defendant states he intends to provide Plaintiffs $500 in cash allowance every two weeks. Now, Defendant provides Plaintiff Akiko $1,204 each month and covers Plaintiff Y.I.'s living expenses as he continues to reside with Defendant. In addition to the cash, Defendant provided Plaintiffs other needs free of charge which can be included in the financial contributions. *See Rimas v. Eugenio,* No. 23-CV-02832-HSG, 2024 WL 1975455 (N.D. Cal. May 1, 2024) (*"Eugenio").* He pays for insurance and utilities for the Plaintiffs at no cost to them. Defendant does not charge Plaintiffs rent, and he offered to pay for Plaintiffs' food when he goes out grocery shopping while they were living together. Defendant also states he received Plaintiffs' receipts showing how the cash allowance was utilized, and those totals never exceeded the cash Defendant provided to the Plaintiffs. Plaintiff Akiko further receives $1,000 in child support each month for Plaintiff Y.I. from a third-party.

b.      **Paragraph 6**. Defendant admits this Court has further subject matter jurisdiction pursuant to 28 U.S.C. Section 1367, but only with regard to claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Defendant denies that "all claims" that may exist between Plaintiffs and Defendant are so related.

c.      **Paragraph 13**. Defendant admits he is a citizen of the United States and married Plaintiff Akiko on January 30, 2023, in Aichi, Japan. Defendant denies that he is Plaintiff Akiko's legal spouse due to entering marriage based on fraud and misrepresentation. Cal. Fam. Code § 2210 (2025). Defendant is currently seeking an annulment of their marriage in the State Court [25FL121103 – Alameda County, filed May 02, 2025]. He sought an attorney to represent him in the federal court to file an answer by May 15, 2025, but his family law attorneys were only

admitted in State Courts. His family law attorneys applied for admittance into the United States District Court, Northern District of California, on May 15, 2025.

      d.      **Paragraph 15 and 16**. Immigrants determined likely to become a public charge may be denied admission in certain, but not all, applications for entry. There are applications for legal permanent resident status that are not subject to the public charge ground of inadmissibility.

      e.      **Paragraph 20**. Defendant admits the Form I-864 is relevant to marriage-based immigrant visa cases but denies Plaintiffs' statement "The Form I-864 is mandatory in marriage-based immigrant visa cases at all times material to this case" as the statement is overly broad.

      f.      **Paragraph 21**. Defendant admits an I-864 can be a legally binding contract. However, whether an I-864 is legally binding depends on the facts, circumstances, and defenses of each individual case.

      g.      **Paragraph 22**. Plaintiffs' language does not reflect the statutory text. The statute provides,"the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable." See 8 U.S.C. § 1183a(a)(1)(A).

      h.      **Paragraph 23**. Defendant admits that the poverty guidelines are published annually and are used to calculate potential liability for a valid and enforcement I-864 but not for an invalid and unenforceable I-864.

      i.      **Paragraph 24**. While 8 U.S.C. § 1183a(a)(1)(B) allows a sponsored immigrant to enforce a valid I-864 as a third-party beneficiary, not all I-864s are enforceable, and the pleading assumes enforceability. Defendant does not admit the relevance of any nonbinding case law such as *In re Marriage of Khan.*

      j.      **Paragraph 34**. Defendant only admits Plaintiff Akiko has been improving her oral and written English skills and that she was a registered nurse in Japan. When Plaintiff Akiko and Defendant met, Plaintiff Akiko mostly spoke to Defendant in English with some Japanese. Defendant paid $975 for Plaintiff Akiko to attend a six-week English school, which she quit.

PFEIFFER LAW, LLP
ATTORNEYS AT LAW
1600 SOUTH MAIN STREET, SUITE 375
WALNUT CREEK, CA 94596

1  Plaintiff Akiko told Defendant in December 2024 that she was going to start a job as an assistant

2  cook at a Japanese restaurant, and she had told the owner she would be able to work as many hours

3  as she needed. She also told Defendant that she was studying for an exam so she could become a

4  Registered Nurse. He is aware that she was also going to do Uber Eats which did not depend as

5  much on her English proficiency. She has the required English proficiency to find employment.

6  **II.    DEMAND FOR RELIEF**

7  WHEREFORE, Defendant JOE NOMURA prays for judgment as follows:

8  1.    That the Court enter judgment in favor of Defendant due to a finding of no breach of I-864,

9  Affidavit of Support obligation;

10  2.    A declaration that Plaintiffs' receipt of financial support under I-864 is also covered by 1)

11  costs of living Plaintiffs have incurred that Defendant pays for without reimbursement and 2) costs

12  Plaintiffs would have incurred had Defendant not provided such resources without seeking

13  reimbursement;

14  3.    A declaration that Defendant's I-864 obligation is reduced by any income Plaintiffs

15  receive, including spousal support and child support;

16  4.    An order and finding that, as Defendant has never incurred I-864, Affidavit of Support

17  arrears, any costs incurred for Plaintiff's Complaint are not considered the cost of collection;

18  5.    An order of judgment in favor of Defendant against Plaintiff Akiko on his claim for relief;

19  and

20  6.    That the Defendant be awarded such other and further relief as the Court may deem proper.

21  Respectfully submitted,

22  DATED:  January 5, 2026                    PFEIFFER LAW, LLP.

23

24  Laura Pfeiffer (Jan 5, 2026 08:59:11 PST)

25  Laura J. Pfeiffer

26

27

PFEIFFER LAW, LLP
ATTORNEYS AT LAW
1600 SOUTH MAIN STREET, SUITE 375
WALNUT CREEK, CA 94596

1

## **VERIFICATION**

2    I, Joe Nomura, declare as follows:

3    1.       I am the Defendant in this case.

4    2.       I am a citizen of the United States.

5    3.       I verify the foregoing Amended Verified Answer to Complaint and know its contents and

6             was duly prepared under my direction; that the facts stated therein have been assembled by

7             me; and that the allegations therein are true and correct to the best of my knowledge,

8             information, and belief.

9    I declare under penalty of perjury that the foregoing is true and correct.

10   Executed on the 5th day of January, 2026 at Oakland, California.

11

12   joe nomura (Jan 5, 2026 08:53:50 PST)

13   Joe Nomura
     Defendant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PFEIFFER LAW, LLP
ATTORNEYS AT LAW
1600 SOUTH MAIN STREET, SUITE 375
WALNUT CREEK, CA 94596